IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>Plaintiff, )<br>  )<br>vs. )<br>  )<br>RICHARD ROBINSON, )<br>  )<br>Defendant. ) | Case No. 5:22-CR-40086-TC |

**MOTION TO DISMISS THE INDICTMENT**

Defendant Richard Robinson hereby moves the Court to dismiss the indictment, because all counts are barred by the applicable statute of limitations, 18 U.S.C. § 3283 (1996). The undersigned counsel has discussed this motion with counsel for Cecil Brooks and Lemark Roberson, and they join in the relief requested herein on behalf of their clients. In support of this motion, Robinson submits the following brief.

**BRIEF IN SUPPORT OF MOTION**

I.   **Nature of the matter before the Court, and specific relief sought.**

Robinson is charged with three other individuals in an alleged conspiracy, occurring in 1996-1997, to deprive young women of their right to be free from involuntary servitude (Count 1), and with a substantive count of willfully holding Person 1 to involuntary servitude for a term (Count 2). The defendants other than Robinson are also charged in Count 3 with a substantive count of willfully holding Person 2 to involuntary servitude for a term. By this motion, Robinson asks this Court to enter an order dismissing the indictment, because the amendments made to 18 U.S.C. § 3283 in 2003 extending the statute of limitations to all three counts cannot be applied retroactively, in that Congress evinced an intent that the amendments operate only prospectively,

1

and any application of the 2003 amendments would create "impermissible retroactive effects" without authorization from Congress.

**II.     Statement of Facts**

In Count 1, the indictment in this case charges Robinson and three other individuals with violating 18 U.S.C. § 241 (conspiracy against rights) by conspiring with each other and with others to "injure, oppress, threaten, and intimidate young women – including Person 1 and Person 2… in the free exercise and enjoyment of their right, secured by the Constitution and laws of the United States, to be free from involuntary servitude. Count 2 of the indictment charges Robinson and two other individuals with violating 18 U.S.C. § 1584 by, "[b]etween on or about September 6, 1996, and October, 1997, both dates being approximate and inclusive… knowingly and willfully [holding] Person 1 to involuntary servitude for a term." (Doc. 1).  The indictment specifically charges that "The defendants' conduct included kidnapping and an attempt to kidnap, and aggravated sexual abuse and an attempt to commit aggravated sexual abuse… [and] the sexual and physical abuse, and kidnapping, of a child – Person 1 – then under the age of 18 years." *Id*.  Count 3 charges the defendants other than Robinson under § 1584 with holding Person 2 to involuntary servitude for a term, with similar allegations regarding kidnaping, aggravated sexual abuse, and sexual and physical abuse of a child. *Id*.

The applicable statute of limitations in this case is 18 U.S.C. § 3283, which, in 1996 and 1997, provided that "[n]o statute of limitations that would otherwise preclude prosecution for an offense involving the sexual or physical abuse of a child under the age of 18 years shall preclude such prosecution before the child reaches the age of 25 years."  18 U.S.C. § 3283 (1996).

The discovery in this case reveals that Person 1's date of birth was in February, 1980, and Person 2's date of birth was in August, 1981. Therefore, Person 1 turned 25 years old in February, 2005, and Person 2 turned 25 years old in August, 2006.

In 2003, Congress amended 18 U.S.C. § 3283 as follows: "No statute of limitations that would otherwise preclude prosecution for an offense involving the sexual or physical abuse, kidnaping, of a child under the age of 18 years shall preclude such prosecution during the life of the child." 18 U.S.C. § 3283 (2003).

### III.   Argument

#### a.   Introduction and Summary of Argument

Any prosecution of Mr. Robinson (or the other defendants) for violations of 18 U.S.C. §§ 241 or 1584 for conduct which allegedly occurred in 1996 and 1997 would impermissibly apply the 2003 amendments to 18 U.S.C. § 3283 retroactively. Pursuant to *Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994), courts must follow a two-step framework to assess whether an act of Congress may be interpreted to apply retroactively. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994); *see also Enterprise Mortg. Acceptance Co., LLC, Securities Litig. V. Enterprise Mortg. Accceptance Co.*, 391 F.3d 401, 405-06 (2d Cir. 2004). "At the first stage, a court must 'determine whether Congress has expressly prescribed the statute's proper reach.' If Congress has done so, the inquiry ends[.]". If, however, the statue is ambiguous or contains no express command, the court proceeds to the second stage of the Landgraf test and looks for an impermissible retroactive effect, defined as an effect that "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Landgraf*, 511 U.S. at 280. If the statute, as applied, would

have such an effect, it will not be applied retroactively "absent clear congressional intent" to the contrary. *Id*.

To apply the 2003 amendment to § 3283 retroactively, the Government must clear both hurdles of the *Landgraf* analysis. It cannot clear either of them. At step one, Congress clearly evinced an intent that the 2003 amendment operate only prospectively. Alternatively, at step two, the amendment would have an impermissible retroactive effect."

This argument has been rejected by a panel of the Tenth Circuit in *United States v. Piette*, 45 F.4th 1142 (10th Cir. 2022). However, because this issue has not been squarely addressed by the United States Supreme Court, Mr. Robinson files this motion as a good faith argument for an extension, modification, or reversal of existing law.

### b. Congress evinced an intent that § 3283 operate only prospectively.

The first step of *Landgraf* asks whether Congress "expressly prescribed" the temporal reach of the 2003 amendment. Here, Congress "expressly prescribed" that the 2003 Amendment was to apply prospectively only.

The text of the 2003 amendment omits any mention of retroactivity. If anything, it points to prospective application. This section twice employs forward-looking modal verbs: "would" and "shall." *See* 18 U.S.C. § 3283 (2003) ("No statute of limitations that would otherwise preclude prosecution for an offense involving the sexual or physical abuse, or kidnaping, of a child under the age of 18 years shall preclude such prosecution during the life of the child.").

Even if the text of § 3283 were unclear about its temporal reach, the Court doesn't proceed immediately to step two of *Landgraf*. Instead, courts must also "examin[e] legislative history to determine congressional intent at the first stage of the *Landgraf* test." *Enterprise*, 391 F.3d at 408 (citing *Landgraf*, 511 U.S. at 262-63); *Martin v. Hadix*, 527 U.S. 343, 355-57 (1999).

4

The legislative history of 2003's amendment shows that Congress considered – and rejected – a retroactivity clause that would have expressly allowed § 3283's lifetime limitations period to attach to conduct predating its enactment. The House version of the bill included the following proviso:

> The amendments made by this section shall apply to the prosecution of any offense committed before, on, or after the date of the enactment of this section.

Child Abduction Prevention Act, H.R. 1104, 108th Cong. § 202 (2003). When the House and Senate conferenced, however, this retroactivity provision was rejected. Courts give great weight to Congress's consideration and rejection of a legislative proposal in interpreting federal statutes, and such a clear expression of congressional intent ought to end the Landgraf analysis at step one here. *See Food and Drug Admin. V. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 144 (2000); *Bureau of Alcohol, Tobacco & Firearms v. Fed. Labor Relations Auth.*, 464 U.S. 89, 104 (1983). Even the Tenth Circuit panel opinion in *Piette* recognizes that:

> A provision literally stating that a statute applies retroactively is more so the kind of provision that *Landgraf* contemplates. Congress can enact, and has enacted, such provisions in the past. But it did not do so in… § 3283….

*Piette*, 45 F.4th at 1161.

For these reasons, applying § 3283 retroactively fails under step one of *Landgraf*.

### c. Any application of § 3283's 2003 amendments creates "impermissible retroactive effects" without authorization from Congress.

One of the things that a court must consider in determining whether there are "impermissible retroactive effects" under step two of *Landgraf* is whether a statute that retroactively extends an unexpired statute of limitations "increase[es] a defendant's liability for past conduct." *Landgraf*, 511 U.S. at 280. Here, § 3283 no doubt would do so. By increasing the period during which a defendant may be prosecuted, there can be no question that the

defendant's liability for past conduct has been increased.  Here, when the crime was allegedly committed, the defendants' liability was slated to be extinguished when the alleged victims turned 25 years old.  That liability was increased without limitation by the 2003 amendment to the statute.

The distinctions drawn by the Tenth Circuit panel in *Piette* – that the amendment didn't "raise the penalty for the charged offense" or "redefine the offense to make it easier to establish" or "resurrect a dead charge" – are red herrings, in the sense that these are not the only ways that an amendment might "increase a defendant's liability for past conduct."  If this amendment had not been passed, Mr. Robinson's liability would have been extinguished in 2005 (Person 1) and later in 2006 (Person 2), and any action by the legislature to expand that period has the necessary effect of expanding Mr. Robinson's liability for past conduct – in this case, without limitation.

Even if the text and legislative history of § 3283 were unclear, *Landgraf's* "presumption against statutory retroactivity" would foreclose retroactive operation of this statute at step two.  511 U.S. at 293.  Because retroactive application [must] be avoided "absent clear congressional intent favoring such a result," which is lacking here, the Government's attempted application of the 2003 amendments to § 3283 must be rejected.  *Landgraf*, 511 U.S. at 280.

In *United States v. Richardson*, 512 F.2d 105 (3d Cir. 1975), the Third Circuit rejected the retroactive application of a criminal statute of limitations, citing a general presumption against retroactivity like what the Supreme Court would later echo in *Landgraf*.  See *Richardson*, 512 F.2d at 106.  Although *Richardson* was decided before *Landgraf*, courts continue to follow its holding that criminal statutes of limitations are presumed not to apply, even as to conduct that fell within the limitations period and could have been prosecuted at the time of enactment.  *See United States v. Gentile*, 235 F.Supp.3d at 655-56 (holding that expansion of securities fraud

statute of limitations did not apply retrospectively although the limitations period in the defendant's case had not yet expired when the statute was expanded); *United States v. Schneider*, 2010 WL 3656027, at *1 & n. 1 (E.D. Pa., Sept. 15, 2010) (agreeing with Government's concession that the Adam Walsh Child Protection Act, which abolished the statute of limitations for certain offenses against minors, did not apply retroactively to allow prosecution of defendant under the Mann Act, even though the prior five-year statute of limitations had not yet expired).

This is not, to be clear, an argument that the application of the amendment to the statute of limitations violates the *Ex Post Facto* Clause – which is the line of precedent from which the *Piette* opinion borrows in deciding that the defendant's liability was not "increased" by the amendment to § 3283. As *Richardson*, *Gentile*, and *Schneider* illustrate, the *Ex Post Facto* Clause is not the final word on whether a statute is impermissibly retroactive. Indeed, the entire premise of *Landgraf* is that certain statutes must be presumed (absent a clear statement from Congress) to apply only prospectively, even though retroactive application would be entirely constitutional:

> But while the constitutional impediments to retroactive civil legislation are now modest, prospectivity remains the appropriate default rule. Because it accords with widely held intuitions about how statutes ordinarily operate, a presumption against retroactivity will generally coincide with legislative and public expectations. Requiring clear intent assures that Congress itself has affirmatively considered the potential unfairness of retroactive application and determined that it is an acceptable price to pay for the countervailing benefits.

*Landgraf*, 511 U.S. at 272-73.

The application of the 2003 amendments § 3283 to conduct that allegedly occurred in 1996 and 1997 offends the principles of statutory construction and application set forth in *Landgraf*. The indictment against Mr. Robinson (and the other defendants) should be dismissed as untimely.

Respectfully submitted,

**JOHNSTON LAW FIRM LLC**

<u>/s/ J. Justin Johnston</u>
J. Justin Johnston     KS #20101
811 Grand Blvd., #101
Kansas City, MO 64106
Tel: (816) 739-4538
Fax:   (816) 421-5403
jjj@johnstonlawkc.com
***ATTORNEY FOR DEFENDANT***

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 11th day of April, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system for electronic delivery to all counsel of record.

<u>/s/ J. Justin Johnston</u>
***Attorney for Defendant***